# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 21-cr-05028-01-MDH |
| DENISE ELOISA BRAVO, | ) |
| Defendant. | ) |

## ORDER

Before the Court are Defendant's *pro se* Motions to reduce her sentence under 18 U.S.C. § 3582(c)(2) and Part B (the "zero-point" provision) of Amendment 821 to the Sentencing Guidelines. (Docs. 54, 56-67). The government has filed a response stating that the Court should deny her motions because Amendment 821 does not apply to her and she is therefore ineligible for a reduction under § 3582(c)(2).

Following a guilty plea, defendant was convicted of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The Court calculated a total offense level 33, a criminal history score 1, a criminal history category I, and an advisory guidelines range of 135 to 168 months' imprisonment. The Court imposed a sentence of 120 months' imprisonment, a downward variance from the calculated Sentencing Guidelines range.

As stated by the government: in general, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Section 3582(c)(2) provides an exception: a court may modify an otherwise final term of imprisonment when a defendant was originally sentenced under a guidelines range that the Sentencing Commission has subsequently lowered and the reduction is

consistent with the applicable policy statement, U.S.S.G. § 1B1.10. Dillon, 560 U.S. at 819-22. The court must recalculate the guidelines range as if the amended guideline had been in effect at the initial sentencing, leaving all other guidelines calculations unchanged. U.S.S.G. § 1B1.10(b)(1). If the guidelines range does not change, the court may not reduce the defendant's sentence. *See id.* § 1B1.10(a)(2)(B). Even if the guidelines range does change, a court may not reduce a defendant's sentence below the amended range. See id. § 1B1.10(b)(2)(A). Notwithstanding *United States v. Booker*, 543 U.S. 220 (2005), these guidelines provisions remain mandatory. See *Dillon*, 560 U.S. at 829-30.

In 2023, the Sentencing Commission added a new § 4C1.1 to the Sentencing Guidelines: the new section provides for a two-level downward adjustment in a defendant's offense level where the defendant received zero criminal history points and meets other criteria. See U.S.S.G. § 4C1.1(a)(1); see also Amendment 821, United States Sentencing Guidelines. The amendment became effective for newly sentenced defendants on November 1, 2023, and became retroactive for previously sentenced defendants on February 1, 2024.

Defendant is not eligible for relief under the new § 4C1.1 because she received criminal history points. As a result, Amendment 821 does not apply to her and she is ineligible for a reduction in sentence.

Wherefore, after careful consideration of the record before the Court, including the arguments contained in the Government's response, the Court hereby **DENIES** Defendant's motion.

**IT IS SO ORDERED**.

DATED: July 1, 2024        */s/ Douglas Harpool*
                           **DOUGLAS HARPOOL**
                           **UNITED STATES DISTRICT JUDGE**